UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NANYA-AMIR EL, *pro se*,

                Plaintiff,

-v-

2000 NEW CENTURY TRAVEL INC.,

                Defendant.
-------------------------------------------------------------x

**SUMMARY ORDER**
09-CV-798 (DLI)

DORA L. IRIZARRY, United States District Judge:

    On February 18, 2009, plaintiff appearing *pro se,* filed this action. The complaint asserts federal subject matter jurisdiction on the basis of 28 U.S.C. § § 1331, 1332 and the Warsaw Convention. By order dated February 26, 2009, the court granted plaintiff leave to amend his complaint to establish that this court has jurisdiction over the action. On March 12, 2009, plaintiff filed a "Memorandum of Facts," which the court construes as an amended complaint. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

    On August 17, 2008, plaintiff, his wife and child boarded a bus operated by defendant, for a trip from Philadelphia, Pennsylvania to New York City. Plaintiff alleges that upon their arrival in New York, the bus driver drove away without giving plaintiff his luggage. Plaintiff alleges that the value of the lost luggage is $25,000. Plaintiff seeks $76,000 in damages. (Compl. at 2.)

## DISCUSSION

    As discussed in this court's Memorandum and Order dated February 26, 2009, plaintiff's original complaint failed to allege an adequate basis for subject matter jurisdiction. Plaintiff failed

1

to make out a federal question claim under 28 U.S.C. § 1331 and his complaint failed to allege sufficient facts to permit this court to determine whether it has subject-matter jurisdiction under 28 U.S.C. § 1332. Accordingly, plaintiff was directed to file an amended complaint establishing the basis for this court's jurisdiction. Specifically, plaintiff was directed to state where he resides and to allege sufficient facts to determine that recovery in excess of $75,000 is possible. Plaintiff's amended complaint fails to do so.

Plaintiff's amended complaint states that he resides in Maryland and that defendant has its principal place of business in Pennsylvania. (Amended Compl. at 2; Complaint at 5; 28 U.S.C. § 1332 (c).) Thus, it appears that complete diversity exists among the parties; nevertheless, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). A plaintiff must use "good faith" in alleging the amount in controversy, and may be required to offer a good faith basis for the belief that "recovery in excess of [the jurisdictional amount] is reasonably possible." *Chase Manhattan Bank, N.A.*, 93 F.3d 1070 (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 88 (2d Cir. 1991)).

Plaintiff's amended complaint states that the value of his lost luggage is $25,000, and that, he is "entitled to treble damages . . . for $76,000 3 times the amount I los[t]." (Amended Compl. at 2.) However, plaintiff fails to offer a good faith basis for how he arrived at that amount. Based on plaintiff's submissions, the court concludes that the amount in controversy fails to suggest a "reasonable probability" that damages would be in excess of $75,000, notwithstanding plaintiff's claim for treble damages. *See* 28 U.S.C. §1332; *Chase Manhattan Bank, N.A.*, 93 F.3d at 1070.

As plaintiff fails to meet the statutory jurisdictional amount, the action is dismissed. Fed. R. Civ. P. 12 (h)(3); *see United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994). The court offers no opinion as to any claim plaintiff should seek to file in state court.

## CONCLUSION

For the reasons set forth above, plaintiff's action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h)(3); *see* 28 U.S.C. § 1915(e)(2)(B). Having provided plaintiff with an opportunity to replead, plaintiff's amended complaint fails to demonstrate that this court has jurisdiction. *See Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). Accordingly, the complaint and amended complaint are dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge