UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

NANYA-AMIR EL, *pro se*,

                Plaintiff,

-v-

2000 NEW CENTURY TRAVEL INC.,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
09-CV-798 (DLI)(LB)

DORA L. IRIZARRY, United States District Judge:

On February 18, 2009, plaintiff appearing *pro se,* filed this action. The complaint asserts federal subject matter jurisdiction on the basis of 28 U.S.C. § § 1331, 1332 and the Warsaw Convention. By Order dated February 26, 2009, the court granted plaintiff leave to amend his complaint to establish that this court has jurisdiction over the action. On March 12, 2009, plaintiff filed a "Memorandum of Facts," which the court construed as an amended complaint. By Order dated March 27, 2009, the court dismissed the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h)(3). On April 14, 2009, plaintiff filed a "Request for Adjudictive [*sic*] Assistance," which the court construes as motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## DISCUSSION

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time

1

to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Second Circuit has held that, because Rule 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating "exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *see Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994). In order to grant such relief, the court "must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possess a meritorious claim in the first instance." *Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (quoting *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y. 1998)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* at 257. A motion for reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, *see Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd.*, No. 06-CV-1055, 2007 WL 1406624, at *1 (S.D.N.Y. May 9, 2007) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), nor is it an opportunity to "advance new facts, issues or arguments not previously presented to the court. *Hunt v. Biochem, Inc.*, No. 06-CV-0170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) (quoting *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)).

Moreover, the strict requirements of Rule 60(b) are applicable to *pro se* litigants. *See Soto v.

*City of New York*, No. 07-CV-3047, 2007 WL 3124673, at *2 (E.D.N.Y. Oct. 23, 2007); *Flaherty v. Hackeling*, 221 F.R.D. 383, 386 (E.D.N.Y. 2004); *see also Fetik v. New York Law School*, No. 97-CV-7746, 1999 WL 459805, at *3 (S.D.N.Y. June 29, 1999) (noting that a *pro se* plaintiff "is not excused from producing 'highly convincing' evidence in support of her motion to vacate a final judgment") (internal quotation marks omitted).

Plaintiff's motion for reconsideration under Rule 60(b) lacks merit. Plaintiff's motion does not point to any authority or evidence that the court overlooked in dismissing the action. Similarly, the plaintiff has not provided any argument for relief which falls into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances," justifying relief under the catch-all provision of 60(b)(6).

## CONCLUSION

Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 24, 2009

                                       _____/s/_____
                                         DORA L. IRIZARRY
                                        United States District Judge